

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00107-CV

_____

IN THE INTEREST OF M.J., C.J., S.Y., G.M., AND N.M., CHILDREN

---

On Appeal from the 231st District Court
Tarrant County, Texas
Trial Court No. 231-711766-22

---

Before Kerr, Birdwell, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

# MEMORANDUM OPINION

After a bench trial at which Mother appeared through her attorney, the trial court terminated Mother's parental rights to Andrew, Bryan, Carol, David, and Emily.[1] The trial court found grounds under Subsections (D) (endangering conditions or surroundings), (E) (endangering conduct), and (O) (noncompliance with court order). *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O). The trial court further found that termination of Mother's parental rights was in the children's best interest. *See id.* § 161.001(b)(2). Mother appealed.[2]

Mother's court-appointed appellate counsel has filed an *Anders* brief concluding that her appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (order) (approving use of *Anders* procedure in termination-of-parental-rights appeals because it strikes an important balance between the parent's constitutional right to counsel on appeal and counsel's obligation not to prosecute frivolous appeals).

---

[1]We use aliases to identify the children, and we identify family members by their relationship to the children. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[2]In addition to terminating Mother's parental rights, the trial court also terminated (1) Andrew and Bryan's father's parental rights to Andrew and Bryan and (2) David and Emily's father's parental rights to David and Emily. The trial court appointed Carol's father as her sole managing conservator. None of the three fathers appealed.

Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record and showing why there are no arguable grounds to advance on appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Taylor v. Tex. Dep't of Protective & Regul. Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied). Mother's counsel has certified that he has provided Mother with a copy of his *Anders* brief and informed her of her right to examine the appellate record and to file a pro se response.

We gave Mother until May 13, 2024, to notify us if she wished to file a pro se response to counsel's *Anders* brief. We received no response. The Department filed a letter response in which it agreed with Mother's counsel that Mother had no meritorious grounds to advance on appeal.

Upon receiving an *Anders* brief, we must independently examine the record to determine whether the appeal is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 350 (1988); *Taylor*, 160 S.W.3d at 647. Our review of the record and counsel's *Anders* brief assures us that any issue that Mother might raise would be frivolous. Accordingly, we affirm the trial court's judgment.

Mother's counsel remains appointed in this case through any proceedings in the Supreme Court unless otherwise relieved of these duties. *See P.M.*, 520 S.W.3d at 27; *In re J.W.*, No. 02-22-00161-CV, 2022 WL 15076379, at *1 (Tex. App.—Fort Worth Oct. 27, 2022, pet. denied) (mem. op. on reh'g).

                                        /s/ Mike Wallach
                                        Mike Wallach
                                        Justice

Delivered:  July 11, 2024